United States District Court
Southern District of Texas
**ENTERED**
October 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BM Technologies, Inc., | § § § | |
| *Plaintiff,* | § § | Case No. 4:23-cv-01377 |
| v. | § § | |
| Mehran Khavarian, | § § § | |
| *Defendant.* | § | |

### MEMORANDUM AND RECOMMENDATION

This case, which was referred to the undersigned judge, Dkt. 22, involves a dispute over transfers from a banking account opened by Defendant Mehran Khavarian and serviced by Plaintiff BM Technologies, Inc. ("BMTX"). BMTX filed this suit, seeking a declaration that neither BMTX nor its affiliates breached the banking agreement when investigating and determining that certain transfers out of Khavarian's account were not fraudulent, and BMTX therefore owes no money to Khavarian related to those transfers. Dkt. 1. Khavarian responded by filing two counterclaims: Count One, for violations of the federal Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.*, and Count Two, for negligent hiring, retention, training, and supervision. Dkt. 9.

BMTX filed a motion to dismiss targeting solely the negligence claim in Count Two. Dkt. 12. In response, however, Khavarian affirmatively withdrew

Count Two. Dkt. 16 (stating that Khavarian "respectfully withdraws the claim stated in Count II of his Counterclaim filed on June 20, 2023"). Given Khavarian's withdrawal of Count Two, BMTX's request to dismiss that counterclaim (Dkt. 12) should be denied as moot.

## Recommendation

Because the challenged counterclaim for negligent hiring, retention, training, and supervision asserted as Count Two of Defendant Mehran Khavarian's counterclaim (Dkt. 9 ¶¶ 106-11) has been withdrawn (*see* Dkt. 16), it is **RECOMMENDED** that Plaintiff BM Technologies, Inc.'s motion to dismiss that counterclaim (Dkt. 12) be **DENIED AS MOOT**. Khavarian's separate counterclaim under the Electronic Funds Transfer Act and BMTX's claims for declaratory relief remain pending.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on October 20, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

2